PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY M. DEPERRO, | ) | |
| | ) | CASE NO.  4:24-CV-00979 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEB HAALAND, SECRETARY OF THE | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 4] |

**I.**

   This is a removed *pro se* case.  *Pro se* Plaintiff Gary M. DePerro filed his complaint

against Defendant Debra Haaland, Secretary of the United States Department of Interior

("Defendant"), in the Struthers Municipal Court Small Claims Division.  ECF No. 1-1.  In its

entirety, Plaintiff's complaint alleges that Defendant "fail[ed] to enforce Ohio State mine laws

ORC 1513 and ORC 1514 and Federal mine law Surface Mining Control & Reclamation Act of

1977 [("SMCRA")] (Public Law 95-87) in regards to the surface/strip mine by the name of

Carbon Limestone, LLC located on 8100 S. Stateline Rd. Lowellville, Ohio, Poland Township,

Mahoning County."  ECF No. 1-1 at PageID #: 5.  For relief, Plaintiff seeks one dollar in

damages.

   Defendant removed the action to federal court on the basis of 28 U.S.C. § 1442(a).

Pending before the Court is Defendant's Motion to Dismiss for lack of subject-matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 4.  In the Motion, Defendant asserts

(4:24CV979)

that subject-matter jurisdiction is lacking because: (1) because the state court from which this action was removed did not have jurisdiction over a claim against Defendant, and under the doctrine of derivative jurisdiction, this Court acquired no subject-matter jurisdiction upon removal; (2) Plaintiff lacks standing to bring the action because he does not identify any injury he sustained as a result of Defendant's alleged conduct; and (3) Plaintiff has not exhausted  the administrative prerequisites to filing a citizen's suit under the Surface Mining Control & Reclamation Act.  *See* ECF No. 4 at PageID #:17.

Plaintiff has not responded to the motion or demonstrated a basis for an exercise of subject-matter jurisdiction in the case.

## II.

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Further, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted.)

Under § 1442(a)(1), "the right of removal is absolute for conduct performed under color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (citing past interpretations of 28 U.S.C. § 1442(a)(1) by the Supreme Court).  Even so, the removal only creates a "purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties." *Id.* When "the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).  Under 30 U.S.C.§ 1270(a),

2

(4:24CV979)

the district court has jurisdiction over all civil actions seeking to compel compliance with

SMCRA.  Struthers Municipal Court, however, did not have jurisdiction over the claim Plaintiff

brought in that court.  Therefore, following removal, and under the doctrine of derivative

jurisdiction, the Court did not acquire subject matter jurisdiction over the matter.

**III.**

Thus, the Court finds that Plaintiff's complaint warrants dismissal for lack of subject-

matter jurisdiction.  Accordingly, Defendant's Motion to Dismiss is granted, and this action is

dismissed.


IT IS SO ORDERED.



January 31, 2025                              /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge